JOHN S. BROWN AND JANE E. BROWN, Respondents, v. THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 8, 1886.

1. PRACTICE—DEMURRER TO EVIDENCE—INSTRUCTIONS.—Where the facts in evidence are submitted to the jury by proper instructions ; and the evidence justified the issues submitted by the instructions ; the finding of the jury is binding upon this court.

2. ———— INSTRUCTIONS—DAMAGES—HUSBAND AND WIFE—CASE ADJUDGED.—Where, as in this case, the husband was a nominal party, the action having been instituted to recover the damages *sustained by the wife*, the damages recoverable were the damages personal to the wife. *Held*, that the instruction, on that point, in this case, was calculated to mislead the jury, as not containing a full and complete statement of the true measure of damages.

APPEAL from Clinton Circuit Court, HON. GEO. W. DUNN, Judge.

*Reversed and remanded.*

Statement of case by the court.

This was an action by plaintiffs, who were husband and wife, for the recovery of damages sustained by the wife by reason of the defendant's failure to erect and

Vol. xxiii—14

maintain a good and sufficient crossing as required by law where the defendant's railroad crossed a certain described public road.

The plaintiffs' evidence tended to show that the crossing was unsafe and dangerous. One of the plaintiffs' witnesses, Thomas Wright, testified as follows:

"Am, and for ten years have been road overseer of my district in Jackson township. The crossing is in my district, am well acquainted with it; live one quarter of a mile from it. Road was there before railroad was built. Saw Mrs. Brown at the time she was injured. She was badly hurt. The planks on sides of the rails at crossing about nine feet long; depth of fill, about nine feet; length of approach to crossing, about thirty feet; very abrupt on left side, and traveled wagon track is about eighteen inches from the edge of the embankment. Unless one is careful in going over the crossing, he is liable to turn there. No macadam; just dirt. If team shies the least bit, it is liable to turn the wagon over. On north side the dirt approach is about even with the south end of the plank on the south side. On west side the roadway is about nine feet wide, the length of plank crossing. To be entirely safe from the embankment on south side, you must drive off the plank on the ties on the north side. I told Nolan, defendant's roadmaster, two years before the accident, if he would throw a couple of car loads of dirt in there the crossing would be a good one, and safe. I saw track of wagon when I went over. It began to slide immediately after leaving the rail. It passed over the planks at the proper place. Approach is on a slight curve and twenty-five or thirty feet long."

The female plaintiff testified as follows:

"Am John S. Brown's wife. I was driving a wagon and team of two horses across the railroad track. I saw I was falling, wagon, horses and all. The wagon began to slide, and then turn over, just as it left the railroad track. The wagon went over, and I was caught under it. Husband got me out. I remember but little after

that. Was taken to Mellon's. Remained till Wednesday following. During nearly all that time I was confined to bed. Have not yet thoroughly recovered from the effects of the injury; was treated by physicians; health good before that; suffered great pain in back and shoulders and hips."

The husband testified among other things to the following: "The accident occurred on the west side of the crossing. The approach is six to ten feet wide. I had just crossed with my wagon without accident. I saw defect in crossing and avoided it. If she had seen it she could have come down all right. Some difficulty in driving across when a man is using care. If wagon should slip to one side it would be dangerous. Don't know of wife's team shying. The team was a quiet one."

There was no other testimony introduced by either party, as to the manner in which the accident happened.

The plaintiffs introduced other testimony touching the character of the crossing, tending to corroborate the testimony on that point hereinbefore set out. The defendant introduced testimony tending to show that the crossing was reasonably safe.

For the plaintiffs the court gave among others the following instruction:

"3. If the jury find for plaintiffs they will assess such damages as they will believe to be a reasonable and fair compensation to them for the injuries of said Jane Brown, including her physical pain and mental anguish and suffering which has been the direct result of such injuries, not exceeding the sum of five thousand dollars."

The jury found in favor of plaintiffs in the sum of two thousand dollars.

STRONG & MOSMAN, THOS. E. TURNEY, for the appellant.

I. The court erred in overruling defendant's demurrer to the evidence. If the plaintiff, by the exercise

of ordinary care, could have avoided the injury, then the plaintiff cannot recover. *Buesching v. St. L. Gas Light Co.*, 73 Mo. 219 ; *Barton v. Railroad*, 52 Mo. 553. · It it appears without any conflict of evidence, or by the cross-examination of plaintiffs' witnesses, that she did not exercise ordinary care, and that this want of ordinary care contributed proximately to the injury, it is the duty of the trial court to take the case from the jury. *Buesching case, supra ; Whiteacre v. Railroad,* 35 Ohio St. 627 ; *Hays v. Gallagher*, 72 Pa. St. 140 ; Wharton Negl., sects. 425-427.

II.    The *third* instruction given for plaintiff is erroneous.    It directs the jury to assess the damages by *both plaintiffs* by the injuries of Jane Brown.    Only the damages sustained by the *plaintiff, Jane Brown*, could be recovered in this suit, and a separate suit must be brought for the damages of the husband.    *Smith v. St. Joseph*, 55 Mo. 456.   Under the evidence the *only* elements of damages were the suffering, etc., of Jane Brown,  but the instruction treats these as one, or rather as incident of the damages to be assessed.

III.    The motion for a new trial should have been sustained for the reasons already given and because the jury disregarded the instructions given on the issue of ordinary care ; and the verdict was against the evidence, and the damages were excessive.

THOMAS J. PORTER, for the respondents.

I.    In passing upon a demurrer to the evidence, the court is required to make every inference in favor of the plaintiff which a jury might, with any degree of propriety, have inferred in his favor.    When there is a complete failure of evidence, or admitting all the facts, if a verdict would violate common sense, and obvious reason, the court should interfere.    But to authorize such *interference* , the evidence must not only be weak, but in fact there must be no evidence.   17 Mo. App. 195 ; *Wilson v. Board of Education*, 63 Mo. 137.   Un-

less it clearly appears from plaintiffs' evidence, without any contradiction, that the plaintiff, Jane E. Brown, was guilty of such contributory negligence as would preclude a recovery, defendant's demurrer to the evidence was rightfully overruled. *Barton v. Railroad*, 52 Mo. 253; *Buesching v. Gas. Co.*, 73 Mo. 219.

II. This court will not reverse because of erroneous instructions unless the appellant is injured thereby. 17 Mo. App. 197; Rev. Stat., sect. 3775. It cannot be reasonably contended that the jury did include or consider any damages not recoverable in this action unless we believe that they did so in the face of the whole record. There is no pretense that any proof was admitted or offered as to any other damages; and it is impossible that the jury considered in their estimate damages not claimed in the petition, and concerning which they could have no knowledge because of the total absence of any evidence.

HALL, J.—The only points made in this court by the defendant for the reversal of the judgment herein, are: That the trial court improperly refused to give an instruction in the nature of a demurrer to the evidence, asked by the defendant; and that the trial court improperly gave instruction number three for the plaintiffs.

## I.

In support of its first point it is contended by the defendant that it appears from the evidence introduced by the plaintiffs themselves that the wife was guilty of negligence proximately contributing to cause the injury complained of. It is argued that this is true because from all the evidence concerning the nature of the crossing, the character of the team driven by the wife, the time of day at which, and the manner in which the accident happened, it is impossible to escape the conclusion that if the wife had used ordinary care the accident would not have occurred.

The court below submitted to the jury, by proper instructions, the questions, whether the crossing was reasonably safe, whether the wife was injured by reason of the crossing having been unsafe, and whether the wife was at the time of the accident exercising reasonable care. No objection is urged here to the form of the instructions submitting those questions. In fact the instructions were more than fair to the defendant because they imposed upon the plaintiffs the burden of proving the exercise by the wife of reasonable care at the time of the accident. The evidence fully justified the court in submitting to the jury the question whether the crossing was reasonably safe. The finding by the jury, that the crossing was not reasonably safe, is binding upon us. The wife had the right to presume that the crossing was reasonably safe, and to act upon such presumption. It may be that the evidence did show that, had the wife known the condition of the crossing, she could have safely driven across it by the use of reasonable care.

But the evidence did not show that she knew the condition of the crossing, and we will not assume that she did know of such condition. It was proper, therefore, for the trial court to submit to the jury the question whether the wife was in the exercise of reasonable care, and to overrule the demurrer to the evidence.

## II.

In this case the husband was a nominal party, the action having been instituted to recover the damages sustained by the wife.

The damages recoverable in this case were the damages personal to the wife. It is conceded that the damages sustained by the husband in consequence of the injuries done to the wife were not recoverable in this case. But the plaintiffs' counsel contends that no harm resulted from the instruction on the measure of damages directing the jury to assess such damages as they might

believe to be a reasonable and fair compensation to *plaintiffs* for the injuries of the wife, because the jury could not have understood the language of the instruction to include the damages resulting to the husband in consequence of the wife's injuries.

The argument being that the wife's damages are "*for her injuries,*" and the husband's damages " *are such as result to the husband in consequence of her injuries ;*" and that it cannot be maintained that the jury interpreted the instruction, directing them to assess such damages as might compensate the plaintiffs for the wife's injuries, to include damages done to the husband in consequence of those injuries.

In this case, as it was proper for the purpose of showing the character of the wife's injuries, the plaintiffs introduced evidence of the time during which the wife was confined to her bed and room on account of her injuries, and of the treatment of her therefor by physicians. We are of the opinion that the instruction, especially in connection with such evidence, was calculated to lead the jury to believe that they should in making their verdict consider the damages sustained by the husband in consequence of the wife's injuries.

The instruction was all the more calculated to so influence the jury, because, after directing them if they should find for plaintiffs, to assess such damages as they might believe to be a reasonable and fair compensation to the *plaintiffs* for the injuries of the wife, the instruction continued, "*including* her physical pain and mental anguish and suffering which has been the direct result of such injuries."

The physical pain, mental anguish and suffering endured by the wife in consequence of her injuries were the principal items of the damages personal to herself, and. if at the time of the trial she had fully recovered from her injuries they were the only items of such damages. The special mention by the instruction of those items of the damages

to be assessed by the jury, in the absence of a full and complete statement of the true measure of damages, and in connection with the direction to the jury to assess such damages as they might believe to be a reasonable and fair compensation to the plaintiffs (both husband and wife) for the wife's injuries, was certainly calculated to lead the jury to include in their verdict damages belonging to the husband as well as those personal to the wife. And it is impossible for us to say that the jury did not so do.

For the error indicated the judgment is reversed and cause remanded. All concur.